UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CNA INSURANCE COMPANY,
a/s/o CORNING, INC.,                                                              PLAINTIFF


v.                                             CRIMINAL ACTION NO. 3:07-CV-0141-CRS


HYUNDAI MERCHANT MARINE, CO.,
LTD.; NORFOLD SOUTHERN RAILWAY
COMPANY; BURLINGTON NORTHERN
SANTA FE RAILWAY COMPANY,                                                        DEFENDANTS


## MEMORANDUM OPINION

This matter is before the court on a *Daubert* motion of the defendants, Hyundai Merchant Marine, Co., Ltd., Norfolk Southern Railway Company, and Burlington Northern Santa Fe Railway Company (collectively, "Defendants"), to preclude and/or limit the testimony of Charles Munsch (DN 106). The plaintiff, CNA Insurance Company, a/s/o Corning, Inc. ("Plaintiff") has responded to the motion (DN 109) and Defendants have replied (DN 110). This matter is now ripe for adjudication and for the following reasons, the Defendants' motion will be denied.

Plaintiff's claims arise from a shipment of several thousand sheets of special purpose glass manufactured by Corning, Inc. at its facility in Harrodsburg, Kentucky. The shipment was consigned for ultimate delivery in Taiwan for use in the production of LCD televisions and computer monitors. The sheets of glass were transported in containers from Harrodsburg to Louisville, Kentucky by truck and then placed on railcars. When the railcars arrived in Tacoma, Washington, it was discovered that the containers were possibly damaged. The potentially damaged containers

were returned to Harrodsburg for inspection, where Corning employees discovered that substantial damage to the sheets of glass had occurred.

Defendants seek to exclude or limit the testimony of Plaintiff's expert witness, Charles Munsch ("Munsch"), on the grounds that he is not qualified as an expert in this matter under Fed.R.Evid. 702 and that all or a portion of his opinions do not satisfy the standards articulated in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and Fed.R.Evid. 702. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Under Rule 702, the trial judge acts as a gatekeeper to ensure that expert testimony is both reliable and relevant. *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 407 (6th Cir. 2006) (citing *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)). This gatekeeping role extends to "all scientific, technical or other specialized matters within" the scope of Rule 702. *Kuhmo Tire*, 526 U.S. at 147-48.

Determination of the initial qualifications of an expert to provide testimony is within the discretion of the district court. *Mannino v. Int'l Mfg. Co.*, 650 F.2d. 846, 849 (6th Cir. 1981). "To qualify as an expert under Rule 702, a witness must first establish his expertise by reference to 'knowledge, skill, experience, training or education.'" *Pride v. BIC Corp.*, 218 F.3d 566, 577 (6th Cir. 2000). This requirement has been interpreted liberally and the law does not require that Munsch

be the most qualified expert conceivable, only that he will "assist the trier of fact in understanding and disposing of issues relevant to the case." *Id*. at 578.

The Court has examined the record and the curriculum vitae of Munsch and it appears that his qualifications are more than adequate to permit him to testify as an expert on physical forces in a transportation context. Munsch is the Head of the Engineering Department at New York Maritime College, an institution nationally known for educating specialists in the commercial transportation of goods. Munsch has more than 35 years of experience as an Engineer in the transportation field, has a Bachelor of Science Degree in Engineering, and a Master of Science Degree in Marine Engineering and Naval Architecture. Munsch previously worked as an engineering consultant for companies on the process of securing containers and his primary experience related to stowage of material inside of containers. Munsch has worked on container-securing manuals and designs. He has patented container locking assemblies and securing mechanisms. Munsch has considerable experience working with containers and packing freight intended for ocean transport and this experience included creating stowage plans for containers that may be shipped or moved in part by rail.

While Munsch's main experience was with containers intended for ocean travel, he has significant experience with stowage of containers intended to withstand railcar travel. Many federal courts in cases "involving engineering experts have permitted an expert witness with general knowledge to give expert testimony where the subject of that testimony related to such general knowledge but the expert had no specialized knowledge of the particular product." *Burke v. U-Haul Int'l, Inc*., 2006 U.S. Dist. LEXIS 78231 (W.D. Ky. Oct. 20, 2006).

Even though we find that Munsch is qualified to testify as an expert witness, his opinions proffered must also be derived from reliable methods and rest "on a reliable foundation." *Daubert*, 509 U.S. at 597. Defendants contend that Munsch's opinions are unreliable and inadmissible. In *Daubert*, the United States Supreme Court identified a non-exhaustive list of factors that may assist the Court in assessing the reliability of a proposed expert's opinion, including:

> (1) whether a theory or technique can be or has been tested;
> (2) whether the theory has been subjected to peer review and publication;
> (3) whether the technique has a known or potential rate of error and the existence and maintenance of standards controlling the technique's operation; and
> (4) whether the theory or technique enjoys "general acceptance" within a relevant scientific community.

*Daubert*, 509 U.S. at 592-94.

Applying the *Daubert* factors to Munsch's opinions, we conclude that the factors are satisfied. The calculations used by Munsch involve gravity forces and engineering mechanics that have been tested, peer reviewed, are subject to controlling standards, and are clearly generally accepted within scientific communities. Munsch also possesses considerable experience in securing containers and forces during freight transportation, which he applied to his calculations. Munsch provided adequate explanations for how his conclusions were reached and why the sources and materials he referenced, coupled with his experience, provided a sufficient basis for his opinions. Munsch listed in his expert report and discussed in his deposition the sources he consulted in forming his opinions, including: survey reports; digital photographs of Corning's cargo; the dimensions of the crates and the glass; the testimony of other experts and employees of Corning; and scientific manuals. Munsch concluded that under real world forces during transportation, the containers in this case would not have slid, based on his calculation of the coefficient of friction involved. Munsch stated in his deposition that he used his experience in transportation and

consulted several sources for his calculation of real world forces in rail transportation. Munsch provided one of those sources, an article which discusses computer simulation of real world transportation forces, as an attachment to his report. Any criticism of Munsch's reliance on the article in reaching his conclusions goes to the weight of Munsch's testimony and not its admissibility.

For the reasons set forth above, the court concludes that the motion by Defendants to exclude the expert testimony of Charles Munsch should be denied. An order consistent with this opinion will be entered this date.

October 28, 2011

Charles R. Simpson III, Judge
United States District Court