**FILED**
VANESSA L. ARMSTRONG, CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAN 2 6 2012

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

CNA INSURANCE COMPANY                                           PLAINTIFF
a/s/o CORNING, INC.

v.                                        CIVIL ACTION NO. 3:07CV-141-S

HYUNDAI MERCHANT MARINE, CO., LTD,
NORFOLK SOUTHERN RAILWAY COMPANY, and
BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY          DEFENDANTS

## COURT'S INSTRUCTIONS TO THE JURY

Ladies and Gentlemen:

Now that you have heard all of the evidence, and the argument of the attorneys, it is my duty

to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law

to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the

instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by the court. You

must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence

I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and

the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that

controls.

You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness, and the weight to be given to the testimony of each witness.

In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

The rules of evidence permit a witness who by education and experience has become expert in any art, science, or profession to state an opinion as to a matter in which he is versed and which is material to the case, and he may also state the reasons for such an opinion. You should consider such opinion and give it such weight as you, in the application of your common sense, may think it deserves. If you should conclude that the reasons given by such a witness in support of his opinion are not sound, or that his opinion is outweighed by other credible evidence in the case, or by the opinion of some other witness, then you may reject the opinion in whole or in part.

The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

There are a number of parties involved in this case. In these instructions, I will refer to CNA Insurance Company representing the interests of Corning, Inc. as "Corning" or "shipper," and

Hyundai Merchant Marine, Co. Ltd., Norfolk Southern Railway Company, and Burlington Northern

Santa Fe Railway Company as "Hyundai," "Norfolk," and "Burlington," respectively, or "carriers"

collectively, rather than continually repeating their names in full.

## LIABILITY UNDER THE CARMACK AMENDMENT

The Carmack Amendment imposes liability on carriers of goods for "actual loss or injury" to goods damaged in interstate transport. One of the purposes of the Carmack Amendment is to relieve shippers of the burden of searching out a particular negligent carrier from among the often numerous carriers handling an interstate shipment of goods. The Carmack Amendment does not require a shipper to prove the cause of the damage. Instead, the shipper must establish delivery of the goods for transit in an undamaged condition, arrival of the goods in a damaged condition, and injury to the shipper. If this is established, a carrier is liable unless it can prove one of the defenses available to it under the Carmack Amendment and can show that it was not negligent in its carriage of the goods. One such defense under the Carmack Amendment is that the damage was solely caused by an act of the shipper. Where there is sufficient proof of such a defense, a shipper cannot recover for its loss.

In the following instructions, I will provide you with the specific facts which must be proven in this case.

## PART I

Corning must establish that it is more likely true than not true that:

(1)   The shipment of glass in issue was delivered at Corning's facility in Harrodsburg, Kentucky, for transportation to Taiwan, in an undamaged condition;

(2)   The shipment of glass arrived at the Washington United Terminal in Tacoma, Washington in a damaged condition; and

(3)   Corning suffered a monetary loss as the result of actual loss or injury to the shipment of glass.

You will indicate your verdict on Verdict Form A. If you answer "yes" on Verdict Form A, you will proceed to the next instruction. If you answer "no" on Verdict Form A, you will end your deliberations, and return to the courtroom.

## **PART II**

If you have answered "yes" on Verdict Form A, the carriers are liable unless the carriers establish that it is more likely true than not true that:

(1)  The defendants were not negligent in their carriage of the shipment of glass in issue; That is, that the carriers acted in a reasonable and prudent manner in carrying the goods during the rail portion of the transit; and

(2)  That the damage to the shipment of glass was caused solely by improper packing and/or stowing of the glass by Corning.

You will indicate your verdict on Verdict Form B.  If you answer "yes" on Verdict Form B, you will end your deliberations and return to the courtroom.  If you answer "no" on Verdict Form B, you will proceed to the next instruction.

## **DAMAGES**

If you have answered "yes" on Verdict Form A and "no" on Verdict Form B, the shipper is entitled to recover the "actual loss or injury" to its goods damaged in transit.

Generally, a shipper's "actual loss or injury" to its goods is measured by the reduction in market value at destination.

There is, however, an exception to the general rule where the replacement cost of the goods is deemed to be the appropriate measure of the loss. Replacement cost applies when the shipper can replace the shipment at cost and suffers no loss of profit.

The Carmack Amendment seeks to put a shipper back in the position it would have been in had the carrier properly performed. A shipper is entitled to no more than full compensation for the loss sustained.

In this case, damages, if any, may not exceed $664,679.88.

You will indicate your verdict on Verdict Form C, end your deliberations, and return to the courtroom.

Your verdicts must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdicts must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I have accepted your verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will speak for you here in court.

Forms of verdicts have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill in, date and sign the forms which set forth the verdicts upon which you unanimously agree with respect to each issue in this case; you

will then return with your verdicts to the courtroom.

**VERDICT FORM A**

| United States District Court | **District**<br><br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>CNA INSURANCE COMPANY<br>a/s/o CORNING, INC.<br><br>v.<br>HYUNDAI MERCHANT MARINE, CO., LTD<br>NORFOLK SOUTHERN RAILWAY COMPANY and<br>BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY | **Docket No.**<br><br><br>CIVIL ACTION NO. 3:07CV-141-S |

Do you find from the evidence that it is more likely true than not true that the shipment of glass in issue was delivered at Corning's facility in Harrodsburg, Kentucky, for transportation to Taiwan, in an undamaged condition; that the shipment of glass arrived at the Washington United Terminal in Tacoma, Washington in a damaged condition; and that Corning, Inc. suffered a monetary loss as the result of actual loss or injury to the shipment of glass?

_____ Yes          _____ No

| **Foreperson's Signature** | **Date** |
|---|---|

**VERDICT FORM B**

| | |
|---|---|
| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱 | **District**<br><br>Western District of Kentucky |
| **Case Title**<br><br>CNA INSURANCE COMPANY<br>a/s/o CORNING, INC.<br><br>v.<br>HYUNDAI MERCHANT MARINE, CO., LTD<br>NORFOLK SOUTHERN RAILWAY COMPANY and<br>BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY | **Docket No.**<br><br>CIVIL ACTION NO. 3:07CV-141-S |

Do you find from the evidence that it is more likely true than not true that the defendants were not negligent in their carriage of the shipment of glass in issue and that the damage to the shipment of glass was caused solely by improper packing and/or stowing of the glass by Corning, Inc.?

_____ Yes          _____ No

| | |
|---|---|
| **Foreperson's Signature** | **Date** |

**VERDICT FORM C**

| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔆𝔬𝔲𝔯𝔱 | District<br><br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>CNA INSURANCE COMPANY<br>a/s/o CORNING, INC.<br><br>v.<br>HYUNDAI MERCHANT MARINE, CO., LTD<br>NORFOLK SOUTHERN RAILWAY COMPANY and<br>BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY | Docket No.<br><br><br>CIVIL ACTION NO. 3:07CV-141-S |

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND DAMAGES AS FOLLOWS :

Actual loss or injury to Corning, Inc.'s goods damaged in the        $_____
interstate transport.                                                                        (Not to exceed $664,679.88)

| **Foreperson's Signature** | **Date** |
|---|---|