UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CNA INSURANCE COMPANY,
a/s/o CORNING, INC.,                                                                       PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:07-cv-141-CRS

HYUNDAI MERCHANT MARINE CO., LTD.,
NORFOLK SOUTHERN RAILWAY
COMPANY, and BURLINGTON NORTHERN
SANTA FE RAILWAY COMPANY,                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motions of the plaintiff, CNA Insurance Company, a/s/o Corning, Inc. ("Plaintiff"), to strike the reply of the defendants, Hyundai Merchant Marine Co., Ltd., Norfolk Southern Railway Company, and Burlington Northern Santa Fe Railway Company ("Defendants"), to Plaintiff's response to Defendants' motion for judgment as a matter of law (DN 168), and in the alternative, for leave to file a surreply to Defendants' motion for judgment as a matter of law (DN 169).

Defendants have represented to the court in their response to Plaintiff's motions to strike and for leave to file a surreply, that the parties have agreed that Defendants will not object to Plaintiff's motion for leave to file a surreply and Plaintiff will withdraw its motion to strike. (DN 170 at 1-2). The parties being in agreement, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion for leave to file a surreply by Plaintiff (DN 169) is **GRANTED**. As requested, Plaintiff has fourteen (14) days from the filing of this order in which to file a surreply to Defendants' motion for judgment as a matter of law (DN 153), not to exceed five (5) pages in length. Upon the filing of Plaintiff's

surreply, the court will take under submission Defendants' motion for judgment as a matter of law (DN 153) and Plaintiff's motion for prejudgment and postjudgment interest (DN 161).

Before the court is also a motion of Defendants for a hearing on their motion for judgment as a matter of law (DN 167). Defendants argue that oral argument "would allow the court to question both parties and obtain answers to many of the disputed and complex questions of law raised" and that their motion for judgment as a matter of law is critically important to their case. *Id*. However, as Plaintiff argue in its response to Defendants' motion for a hearing on its motion for judgment as a matter of law, there was ample discussion throughout the trial. (DN 172). The court feels certain that a resolution can be reached upon a thorough review of the written motions. Accordingly, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of Defendants for a hearing on its motion for judgment as a matter of law (DN 167) is **DENIED**.

**IT IS SO ORDERED**.

April 5, 2012

**Charles R. Simpson III, Judge**
**United States District Court**